HEARD APRIL TERM, 1872.

MOODY *vs.* ELLERBE.

A mortgagee of chattels has, after seizure of the chattels, and before the right of redemption is barred by lapse of time or otherwise, an assignable interest under the mortgage.

BEFORE GREEN, J., AT MARION, FEBRUARY TERM, 1872.

For a full understanding of this case, reference should be had to *Moody* vs. *Hazelden*, as reported 1 S. C., 129. Under the judgment

of the Supreme Court in that case, it was ascertained that the value of the mortgaged slaves was equal to the amount due on the mortgage, and thereupon the bill was dismissed. E. J. Moody, the plaintiff, then commenced this action against Edward B. Ellerbe, the party who had assigned to him the notes and mortgage of Hazelden. The seizure of the slaves by the Sheriff was made in December, 1861, and the assignment to the plaintiff was made on the 22d of October, 1863 ; the consideration thereof being $5,000, paid by the plaintiff for the use of Ellerbe, and at his request. The plaintiff claimed that the seizure of the slaves satisfied the mortgage, and that being satisfied at the time of the assignment, the consideration of the contract between plaintiff and defendant had failed, and plaintiff was entitled to recover back the money he had paid for the notes and mortgage.

The Circuit Court held that there was no such seizure of the slaves as was contemplated by the Act of 1712, and, even if there was, as the right of redemption, under the provisions of that Act, was not barred when the assignment was made, that the mortgage was a subsisting lien at the time of the assignment ; that there was therefore no failure of consideration, and gave judgment that the complaint be dismissed.

The plaintiff appealed.

*Sellers*, with whom was *Warley*, for appellant, contended that the seizure, by the mortgagee, of the mortgaged chattels *ipso facto*, worked a satisfaction of the mortgage debt.— *Wolfe* vs. *O'Farrell*, 1 Tread., 151 ; *Peay, Administrator*, vs. *Fleming*, 2 Hill. Ch., 97 ; *Davies* vs. *Barkley*, 1 Bail., 140 ; *Mazyck & Bell*, vs. *Coil*, 2 Bail., 101. That being so, it is clear there was no mortgage when the assignment was made, and consequently the consideration of the assignment failed.

*Harllee*, contra, contended that the seizure of the slaves did not extinguish the mortgage; that the Act of 1712 allowed the mortgagor two years from the time of the seizure within which to redeem. When the assignment was made the two years had not expired, and plaintiff could have enforced the lien by a sale of the slaves. It is clear, therefore, that there was no failure of consideration. The loss of the debt arose from plaintiff's own neglect in not proceeding to foreclose the mortgage after the assignment.

Columbia, April, 1872.

Dec. 3, 1872. The opinion of the Court was delivered by

WILLARD, A. J. The only question presented by the plaintiff's exceptions to the Referee's report is, whether a mortgagee of chattels has, after seizure of the mortgaged chattels, and before the right of redemption is barred by lapse of time, or otherwise, an assignable interest under his mortgage. It is impossible to discover any solid reason for denying this proposition. The right of the mortgagee to the mortgaged chattels, after seizure, is derived under his mortgage. That instrument is not only the source of his title, but the measure of its character. An assignment of a chattel mortgage by a mortgagee in possession, places the assignee in the same position, as it regards the title to the property and the right of redemption of the mortgagor, as that occupied by the mortgagee before assignment.

The judgment should be affirmed, and the appeal dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.